[Civ. No. 12086.   Second Appellate District, Division Two.—May 18, 1939.]

ARTHUR SANDBERG, as Executor, etc., et al., Respondents, v. DUBUQUE FIRE AND MARINE INSURANCE COMPANY (a Corporation) et al., Appellants.

Hindman & Davis for Appellants.

Elbert E. Hensley and Malcolm Archbald for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an action to recover a sum alleged to be due upon a fire insurance policy defendants appeal.

These are the stipulated facts:

February 1, 1936, defendants issued and delivered to plaintiffs a fire insurance policy, insuring certain property against loss by fire for the term of three years ending February 1, 1939.

The policy read in part as follows:

## "SPECIAL HAZARD FORM

"On the following described property, all only while situate No. 6000 Boyle Avenue, Los Angeles, California

"This policy being for $18,000.00 covers 18,000/18,000ths of each of the amounts specified and inserted in the blanks immediately preceding the following items:

" *1.   $ Nil   On the composition roof frame building occupied as Furniture Manufacturing and known as Sandberg Furniture Manufacturing Company

" *2.  $ 8000.00  On equipment, Furniture & Fixtures while contained in above described building.

" *3.  $10000.00  On stock, while contained in above described building.

" *4.   $ Nil   On machine shop and/or foundry patterns, while contained in above described building.

" *5.   $ Nil   On the........building occupied as and known as........

" *6.   $ Nil   On equipment, while contained in last above described building.

" *7.   $ Nil   On stock, while contained in last above described building.

" *8.   $ Nil   On machine shop and/or foundry patterns, while contained in last above described building.

" *9.   $ Nil   On the........building occupied as........ and known as........

"*10.   $ Nil   On equipment, while contained in last above described building.

"*11.   $ Nil   On stock, while contained in last above described building.

"*12.   $ Nil   On machine shop and/or foundry patterns, while contained in last above described building.

"*13.   $ Nil   On the........building occupied as........ and known as........

"*14.   $ Nil   On equipment, while contained in last above described building.

"*15.   $ Nil   On stock, while contained in last above described building.

"*16.   $ Nil   On machine shop and/or foundry patterns, while contained in last above described building.

"*17.   $ Nil   On........

"*18.   $ Nil   On Automatic Sprinkler Warranty SF#20 Attached Ninety Per Cent (90%) Average Clause SF#30 Attached

"*No insurance attaches under any of the above items unless a certain amount is specified and inserted in the blank immediately preceding the item."

The policy also contained these provisions:

"The words 'Building' 'Equipment' 'Stock' wherever used herein shall be construed as follows:

" 'Building'. On building and its additions (if any) of like construction communicating and in contact therewith, including foundations and capping and piling immediately thereunder, sidewalks, plumbing, electrical wiring and stationary heating and lighting apparatus and fixtures; also on all permanent fixtures, awnings, wall and ceiling decorations and frescoes, stationary scales, machinery and elevators and equipment belonging to and constituting a part of said building; on materials contained therein and or on the ground

within one hundred feet thereof for use in constructing additions or in making alterations or repairs to the building; and on platforms, trestles, gangways and chutes attached thereto and located on the above described premises, provided, however, that if same connect with any other building, then this insurance, as respects such platforms, trestles, gangways and chutes, shall cover only such portion thereof situate on the above described premises, as lies between said insured building and a point midway between it and such other building.''

''This policy being written at a reduced rate based on the protection of the premises by an automatic sprinkler system, it is a condition of this policy that, so far as the sprinkler system and the water supply therefor are under the control of the insured, due diligence shall be used by the insured to maintain them in complete working order, and that no change shall be made in the said system or in the water supply therefor without the consent in writing of 'this Company.''

There were located on the property described as No. 6000 Boyle Avenue, Los Angeles, three composition roof, frame, iron-clad buildings, two of them being equipped with an automatic sprinkler system, while the third was not. All three buildings were used by plaintiffs in the business of manufacturing furniture.

April 10, 1936, a fire destroyed lumber stored in the building that was not equipped with an automatic sprinkler system and also in one of the buildings that was equipped with such system. Defendants assumed responsibility and paid the loss resulting from the destruction of the property in the sprinkler equipped building but declined liability as to the property which had been destroyed in the nonsprinkler equipped building.

This is the sole question necessary for us to determine:

*Did the fire insurance policy above mentioned extend coverage to the contents of the nonsprinkler equipped building?*

This question must be answered in the affirmative, and is controlled by the following pertinent principles of law:

(1) If the language in an insurance policy may be understood in 'more senses than one, it is to be construed liberally in favor of the insured, and any uncertainty or

ambiguity in the contract is to be interpreted most strongly against the insurer. (*Raulet* v. *Northwestern etc. Ins. Co.,* 157 Cal. 213, 218 [107 Pac. 292]; *Meyerstein* v. *Great American Ins. Co.,* 82 Cal. App. 131, 134 [255 Pac. 220].)

■ (2) A clause in a fire insurance policy reciting a special premium rate for the insurance because of the installation of a sprinkler system and requiring its maintenance, which does not purport to be a limitation of the coverage of the policy, is not determinative of the extent of coverage afforded by the contract. (*Studley Box & Lumber Co.* v. *National Fire Ins. Co.,* 85 N. H. 96, 100 [154 Atl. 337, 339, 75 A. L. R. 248].)

■ Applying the foregoing rules to the facts in the instant case, the policy on its face insured against the loss by fire of property stored in a building situated at No. 6000 Boyle Avenue, Los Angeles. Construing this language in one of the senses of which it is susceptible, it covered property located in any building at No. 6000 Boyle Avenue, Los Angeles, which was where the property for the loss of which recovery is sought was located when destroyed by fire. It is immaterial whether the building in which the property was located was equipped with an automatic sprinkler system or not, in view of the fact that two buildings located on said property were so equipped at the time the insurance was issued and the sprinkler systems had been maintained in the same condition from the time of the issuance of the policy to the date of the fire. Therefore, the trial court properly rendered judgment in favor of plaintiffs.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.